UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JOSHUA BOVARD,<br><br>  Plaintiff,<br><br>  v.<br><br>SPP, INC. and MICHAEL MCCOY,<br><br>  Defendants. | Case No.: 4:22-cv-122 |

## PLAINTIFF'S COMPLAINT

Plaintiff, JOSHUA BOVARD ("Plaintiff"), through his attorneys, Agruss Law Firm, LLC, alleges the following against Defendants, SPP, INC. and MICHAEL MCCOY, ("SPP" and "McCoy" respectively and "Defendants" collectively):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA

2. Count II of Plaintiff's Complaint is based on the Indiana Deceptive Consumer Sales Act, IND. CODE § 24-5-0.5-0.1 et seq. ("IDCSA").

### JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Venue and personal jurisdiction in this district are proper because Defendants do or transact business within this district, and a material portion of the events at issue occurred in this district.

## PARTIES

6. At all times relevant hereto, Plaintiff was a natural person residing in the City of Greendale, Dearborn County, State of Indiana.

7. Plaintiff is a person as that term is defined and/or contemplated by the FDCPA.

8. Defendants are attempting to collect a debt as that term is defined and/or contemplated by the FDCPA.

9. Each Defendant is a debt collector as that term is defined and/or contemplated by the FDCPA.

10. Plaintiff is a person as that term is defined and/or contemplated by the IDCSA.

11. Each Defendant is a person as that term is defined and/or contemplated by the IDCSA.

12. Each Defendant is a supplier as that term is defined and/or contemplated by the IDCSA.

13. The debt allegedly owed by Plaintiff arose from a consumer transaction as that term is defined and/or contemplated by the IDCSA.

14. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

15. SPP is a Georgia business corporation based in the City of Duluth, Gwinnett County, State of Georgia.

16. McCoy is a natural person and debt collector residing in the State of Georgia.

17. McCoy is the owner of SPP.

18. McCoy is the CEO of SPP.

19. McCoy is the founder of SPP.

20. At all relevant times, acting alone or in concert with others, McCoy has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of SPP and its employees, including the acts and practices set forth in this Complaint.

21. Employees can be held personally liable under the FDCPA. *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051 (C.D. Cal. 2009); see also, *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal 2008).

22. Most courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, members, or directors from personal liability under the FDCPA. See *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal. 2008); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F. Supp. 61 (E.D.N.Y. 1994); *Del Campo v. Kennedy*, 491 F. Supp. 2d 891 (N.D. Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F. Supp. 2d 389 (E.D. Pa. 2004); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848 (D. Ar. 1999); *Pikes v. Riddle*, 38 F. Supp. 2d 639 (N.D. Il. 1998); *Ditty v. CheckRite*, 973 F.Supp. 1320 (D. Utah 1997).

23. Defendants are business entities and/or individuals engaged in the collection of debt within the State of Indiana.

24. Defendants' businesses include, but are not limited to, collecting on unpaid, outstanding account balances.

25. When an unpaid, outstanding account is placed with SPP it is assigned a file number.

26. The principal purpose of SPP's business is the collection of debts allegedly owed to third parties.

27. SPP regularly collects, or attempts to collect, debts allegedly owed to third parties.

28. During the course of their attempts to collect consumer debts, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

29. Defendants acted themselves and through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

30. SPP contacts and communicates with Plaintiff in its attempts to collect a consumer debt.

31. SPP has assigned 42929254 as the "account ID" for the alleged debt.

32. The alleged debt at issue arises from transactions for personal, family, and household purposes.

33. Plaintiff does not owe the alleged debt.

34. The alleged debt is apparently owed by Plaintiff's brother, David Bovard.

35. In or around October 2021, SPP began calling/sending text messages to Plaintiff in an attempt to collect an alleged debt.

36. SPP calls/texts Plaintiff on Plaintiff's cellular telephone at 513-503-4292.

37. SPP calls/texts Plaintiff from, at least, 930-203-0963, which is one of SPP's telephone numbers.

38. Plaintiff has spoken to SPP's collectors on several occasions.

39. During the above-referenced collection calls:

    a. SPP's collectors attempted to collect the alleged debt from Plaintiff;

    b. Plaintiff responded that he is not David Bovard and for SPP to stop calling Plaintiff;

    c. Plaintiff responded that he is not in contact with David Bovard;

    d. SPP's collectors do not believe that Plaintiff is not David Bovard; and

    e. SPP's collectors have called Plaintiff a "fucking liar" and a "piece of shit".

40. Despite Plaintiff repeatedly informing SPP that Plaintiff is not the person that SPP is looking for, and to stop calling Plaintiff, SPP has nonetheless continued to call Plaintiff unabated in an attempt to collect the alleged debt.

41. The natural consequences of SPP's statements and actions was to produce an unpleasant and/or hostile situation between SPP and Plaintiff.

42. The natural consequences of SPP's actions was to cause Plaintiff mental distress.

43. SPP's actions constitute an invasion of Plaintiff's individual privacy and Plaintiff has suffered a concrete and particularized injury to his legally protected interest of his individual privacy.

44. SPP's above-referenced debt collectors were acting within the scope of their employment with SPP when they engaged in the foregoing misconduct.

## COUNT I:
## DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

45. Defendants violated the FDCPA based on the following:

    a. Defendants violated § 1692b(3) of the FDCPA by SPP communicating with Plaintiff more than once, with none of the exceptions to this subsection available to SPP;

b. Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when SPP engaged in all of the harassing, oppressing, and abusive misconduct alleged above;

c. Defendants violated § 1692d(2) of the FDCPA by the use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader when SPP's collectors called Plaintiff a "fucking liar" and a "piece of shit";

d. Defendants violated § 1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff when SPP continued to place collection calls/texts to Plaintiff after Plaintiff requested that SPP stop contacting Plaintiff;

e. Defendants violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when SPP created the false impression on Plaintiff that SPP was permitted to violate debt collection laws with impunity;

f. Defendants violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when SPP created the false impression on Plaintiff that SPP was permitted to violate debt collection laws with impunity; and

g. Defendants violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when SPP engaged in all of the foregoing misconduct, including attempting to collect a debt from Plaintiff, which

Plaintiff does not owe.

WHEREFORE, Plaintiff, JOSHUA BOVARD, respectfully requests judgment be entered, both jointly and severally, against Defendants, SPP, INC. and MICHAEL MCCOY, for the following:

46. Actual damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k, to be determined at trial;

47. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

48. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

49. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANTS VIOLATED THE INDIANA DECEPTIVE CONSUMER SALES ACT

50. Plaintiff incorporates here by reference the foregoing paragraphs 1 through 45 of this Complaint as though fully stated herein under Count II of Plaintiff's Complaint.

51. Defendants' above-referenced violations of the FDCPA are *per se* violations of § 24-5-0.5-3 of the IDCSA.

52. Defendants' above-referenced conduct is an uncured or incurable deceptive act as contemplated by the IDCSA.

53. Defendants' uncured or incurable deceptive acts were willful.

WHEREFORE, Plaintiff, JOSHUA BOVARD, respectfully requests judgment be entered, both jointly and severally, against Defendants, SPP, INC. and MICHAEL MCCOY, for the following:

54. Actual damages or $500, whichever is greater, pursuant to § 24-5-0.5-4(a) of the IDCSA;

55. If Defendants' acts are found to be willful, treble actual damages or $1,000, whichever is greater, pursuant to § 24-5-0.5-4(a) of the IDCSA;

56. Costs and reasonable attorneys' fees pursuant to § 24-5-0.5-4(a) of the IDCSA; and

57. Any other additional and further relief that this Honorable Court deems appropriate.

DATED: September 22, 2022

Respectfully submitted,
AGRUSS LAW FIRM, LLC

By: /s/ James J. Parr
James J. Parr
IL State Bar #: 6317921
Agruss Law Firm, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
james@agrusslawfirm.com
Attorney for Plaintiff